# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JOHNNY HAYNES, et al.,** | ) |
| **Plaintiffs,** | ) |
| v. | ) Case No. 1:21-CV-00265-CLM |
| **WALMART, INC.,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Johnny Haynes ("Haynes") and Steven Burt ("Burt"), (collectively, "Plaintiffs"), are both Alabama residents who bought a rotating and balancing service plan ("Lifetime Balance Plan") provided by Walmart. According to the complaint, since March 2020, Walmart has failed to honor the Lifetime Balance Plan at various locations in Alabama. Haynes and Burt now sue Walmart both individually and on behalf of others similarly situated. They allege the refusals breached contracts and the covenant of good faith and fair dealing. Plaintiffs also seek a declaratory judgment obligating Walmart to perform the services provided by the Lifetime Balance Plan.

Walmart seeks to dismiss all claims. *See* Doc. 12. In response, Plaintiffs do not contest Walmart's motion to dismiss their good faith and fair dealing claim (Count III). So this order will only analyze the sufficiency of Plaintiffs' Counts I and

II (declaratory judgment and breach of contract, respectively). Accepting as true all facts alleged in Haynes' Complaint (doc. 1), *see Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007), the court agrees that Haynes fails to state a claim that entitles him to relief. So the court will **GRANT** Defendant's motion without prejudice. The court will allow Plaintiffs to amend their complaint in accordance with Rule 15(a)(2).

## STATEMENT OF THE FACTS

Plaintiffs allege they bought tires in person at the Walmart location in Oxford, Alabama (Store #00809 at 92 Plaza Ln.). For each new tire bought, Plaintiffs bought another Lifetime Balance Plan. Plaintiffs allege the Lifetime Balance Plan is a contract guaranteeing its subscribers a free rotating and balancing service for the life of each tire bought under the plan. Beginning in March 2020, Plaintiffs sought to redeem this service at various Walmart locations in Alabama, but Walmart refused to provide service under the plan, despite Plaintiffs providing records of their purchases. So Plaintiffs lost the value of their plans and sought rotation services through third party tire servicers at a personal cost.

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss pursuant to the Federal Rules of Procedure, the court must take the factual allegations in the complaint as true and construe them in the light most favorable to plaintiff. *Id.* A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. The complaint's assertions must find support through further "factual enhancement." *Id*.

Rule 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard of plausibility asks for more than a "sheer possibility" that a defendant has acted unlawfully. *Id*.

## ANALYSIS

The court addresses the challenged counts in reverse order.

**A.    Count II: Failure to State a Claim for Breach of Contract**

Both parties agree that Alabama's choice of law prevails in deciding this breach of contract claim. To state a claim for breach of contract under Alabama law, a plaintiff must sufficiently plead the "(1) existence of a valid contract binding the

parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *City of Gadsden v. Harbin*, 148 So. 3d 690 (Ala. 2013) (quoting *S. Med. Health Sys., Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995)). Plaintiffs plead: (1) the contract at issue binding the parties is the Lifetime Balance Plan advertised by Walmart, (2) Plaintiffs paid the flat rate for the contracted service, (3) Walmart "refused to perform tire rotation and balance services," and (4) as a result, Plaintiffs sought these services elsewhere at a personal cost. Doc. 1.

Walmart contends that Plaintiffs have failed the above pleading standard because they did not plead any "material terms of the parties' contracts," nor did they plead facts showing that "any terms of the contracts were breached." Doc. 12, p. 7. The court agrees in part.

  i. *The court takes judicial notice of the declarations of Krsulic and Lehobey.*

Before reaching the merits of Walmart's motion, the court must decide whether it may consider certain documents. Walmart requests that this court take judicial notice of two documents: (a) the declaration of Stacy Krsulic (doc. 12-1) and (b) the declaration of Marine Lehobey (doc. 12-2). The declaration of Krsulic contains screenshots of Walmart's webpage containing the terms of the Lifetime Balance Plan (Doc. 1 ¶ 21) and Lehobey's declaration includes a screenshot of a webpage hyperlinked to those terms (doc. 12-2).

A district court is limited to the bounds of the complaint when deciding Rule 12 motions and may not consider information contained outside the pleadings. *Samara v. Taylor*, 2020 WL 5517493 (N.D. Ala. Sept. 14, 2020). If it does, Rule 12(d) requires the court to convert the motion to dismiss into a motion for summary judgment under Rule 56. *See Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion."). Yet there is an exception to the general rule. The court may consider an "extrinsic document" without converting a Rule 12(b) motion into a Rule 56 motion if the document is (1) central to the plaintiff's claim, and (2) undisputed. *Bros. v. Saag* 2014 WL 838890 (N.D. Ala. Mar. 4, 2014). In this context, an "undisputed "document is one whose authenticity is not challenged. *Id.* at *2 (quoting *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Considering the fact that both documents provided by Walmart include screenshots of the online terms of the Lifetime Balance Plan, the court finds they are central to plaintiffs' claim. Further, neither party disputes the "authenticity" of these documents. As a result, the court may consider both documents without converting the present motion to a motion for summary judgment. Fed. R. Civ. P. 10(c).

### ii. Walmart's Alleged Breach of Lifetime Balance Plan

Plaintiffs state that they "purchased the 'Lifetime Balance Plan' in-person for each new tire purchased." Doc. 1 ¶ 20. As to the terms of the Lifetime Balance Plan, Plaintiffs cite Walmart's online website, which states, "[i]f you purchased our Lifetime Balance Plan, Walmart Tire & Lube Express will rotate your tires at no charge for the life of the tires." Doc. 1. And as to the alleged breach, Plaintiffs assert that "[b]eginning in March 2020," they both sought tire and balancing services at "various Walmart locations in Alabama" and Walmart "refused." Doc. ¶¶ 23, 61. But plaintiffs provide no information about which Walmart locations refused them service, other than that they are located "in Alabama." *Id*. ¶ 23. The complaint lists no counties or cities. *Id*. Nor do Plaintiffs discuss when Walmart refused service.

As stated, a Rule 12(b)(6) motion to dismiss requires Plaintiffs to plead enough facts alleging a plausible claim in compliance with Rule 8. *Ashcroft v. Iqbal*, 556 U.S. at 678. To satisfy the federal pleading standard established by Rule 8, the plaintiff's complaint must give a defendant fair notice not only of the claims asserted against them, but also of the factual grounds on which those claims rest. *See Twombly*, 550 U.S. at 555. As a result, this court has held that the "who, what, when and where of the [plaintiff's] claims" should be apparent from the face of the Complaint. See *Arrington v. Wells Fargo Fin. Ala.*, U.S. Dist. LEXIS 113201 at *3 (N.D. Ala. Mar. 16, 2020) (dismissing breach of contract claim, among others,

on basis of Rule 8).

That said, Plaintiffs need not plead their individual qualifications for the free tire rotations, such as the mileage on their tires, with more specificity than exists in this Complaint. In its motion to dismiss (doc. 12-1), Walmart attaches screenshots of the online terms and webpage referenced by plaintiff in the complaint. Doc. 1 ¶ 21. On that page, the underlined term "Lifetime Balance Plan" has a hyperlink that, when clicked, leads to a webpage containing additional terms: "[b]ring in any tire, and we'll rotate and balance them every 7,500 miles for the life of the tires from the original purchase date. See terms and conditions for more info." Doc. 12-2. Walmart argues that Plaintiffs have not pleaded whether they "only sought service every 7,500 miles." Doc. 12, pp. 3-4.

Although Walmart presents this issue as a pleading deficiency, it is really an affirmative defense: Plaintiffs' failure to satisfy a condition precedent. Rule 9(c) of the Federal Rules of Civil Procedure reads:

> In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

Fed. R. Civ. P. 9(c). So Plaintiffs need only allege conditions precedent generally, while Walmart may deny "with particularity" that the preconditions have been fulfilled. *See Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1010 (11th Cir.

1982). The plaintiff then bears the burden of "proving that the conditions, which the defendant has specifically joined in issue, have been satisfied." *Id.* at 1010.

Plaintiffs assert they bought their tires "under the plan" and that they "complied with all applicable provisions of the Lifetime Balance Plan." Doc. 1 ¶ 5, 59. These applicable provisions would include seeking service under the qualifying conditions, such as only every 7,500 miles. Whether Plaintiffs *actually* satisfied this condition is a question best left for a motion for summary judgment. So Plaintiffs' complaint satisfies Rule 8 on this issue.

That said, because of the deficiencies discussed above, the court will still grant Walmart's motion to dismiss. But the court will allow Plaintiffs to amend their complaint and suggests Plaintiffs include the following:

- Walmart locations that refused to honor the Lifetime Balance Plan
- When those locations refused service.

**B.     Count I: Declaratory Judgment**

The Declaratory Judgment Act provides that a declaratory judgment "may only be issued in the case of an actual controversy." *A&M Gerber Chiropractic LLC v. GEICO Gen. Sins. Co.*, 925 F.3d 1205, 1220 (11th Cir. 2019). The Act also provides that "under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Id.* at 1210. Plaintiffs have failed to state a breach of contract claim. So, for now at least, the court cannot

determine whether a "substantial continuing controversy." *Id*.

**C.     Class Action Allegations**

Finally, Walmart moves to dismiss the nationwide class allegation, arguing Plaintiffs lack Article III standing to state claims for breach of contract under the laws of states in which they do not reside and do not claim injury. Walmart also contends that the court must resolve this standing issue before class certification.

Nationally, courts are split on this question. Some federal district courts have held that named plaintiffs who neither reside nor suffered injury in a given state lack standing to assert claims under the laws of that state. *In re Packaged Ice Antitrust Litig.*, 2011 WL 891160, at *11 (E.D.Mich.2011) (cited by *McGuire v. BMW of N. America, LLC*, 2014 WL 2566132, at *6 (D.N.J. 2014)). These courts usually dismiss those class allegations in which they determine the named plaintiffs lack standing before the class certification stage. *Id.*

By contrast, other district courts require only that the named plaintiff have individual standing for his own claim, saving class standing for the certification stage. *Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1230 (S.D. Fla. 2015); *In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777, 806 (N.D. Ohio 2011). These courts rely on the principle that when "class certification is the source of the potential standing problems," the best approach is to "treat class certification as 'logically antecedent' to standing." *In re Grand Theft Auto Video Game Consumer*

*Litig.* (No. II), 2006 WL 3039993, at *2 (S.D.N.Y. 2006) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999)).[1]

With the Eleventh Circuit having yet to weigh in directly, this court applies the latter view. In this circuit, a named plaintiff must establish "the requisite case or controversy between himself and the defendants" before he can seek relief for class members. *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987). Walmart does not dispute that Plaintiffs could have standing to bring their own breach of contract claim. And Plaintiffs do not purport to seek relief for themselves under the laws of any state in which they neither reside nor were harmed in. Instead, the standing issue arises only because of Plaintiffs' attempt to represent a class similarly harmed by Walmart. Determining whether Plaintiffs' injuries are sufficiently similar to those of the purported class is a question for the certification stage. Fed. R. Civ. P. 23(b)(3). So the certification issue is "logically antecedent" to the standing issue. *Ortiz*, 527 U.S. at 831.

This being the case, practicality cautions against ruling on standing before certification. For one thing, dismissing the class allegations before certification would "in effect impose a requirement that, in a multistate class action involving state common law claims, there be a named plaintiff from every state." *Wilson*, 77

---

[1] Some courts treat the Supreme Court's ruling in *Ortiz* as creating an "exception" to the general principle that courts must determine jurisdiction at the start of a case. *See, e.g.*, *In re DDACVP Indirect Purchaser Antitrust Litigation*, 903 F. Supp. 2d 198, 213 (S.D.N.Y.2012).

F. Supp. 3d. at 1231. This would be inefficient and costly. In addition, ruling on the standing issue first risks conflating it with Rule 23 requirements like predomination. Fed. R. Civ. P. 23(b)(3). "[I]n a multi-state class action, variations in state law may swamp any common issues and defeat predominance," and this question of predominance is one best reserved for the class certification stage. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1261 (11th Cir. 2004) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996)), *abrogated in part on other grounds by Bridge v. Phx. Bond & Indem. Co.* 553 U.S. 639 (2008). During class certification, "[t]he party seeking certification…must…provide an extensive analysis of state law variations to reveal whether these pose insuperable obstacles." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.,* 601 F.3d 1159, 1180 (11th Cir. 2010) (quoting *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 725 (5th Cir. 2007)). At that stage, the court can determine whether the resulting class will contain individuals with standing to pursue claims under the laws of each state, while also deciding whether the varying state law prevents certification of Plaintiffs' proposed class. Either way, the court will resolve the standing issue.

Neither *In re Checking Account Overdraft Litigation* nor *Phillips v. Hobby Lobby Stores, Inc.*, which Walmart cites in support, contradict this position. *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1325 (S.D. Fla. 2010); *Phillips v. Hobby Lobby Stores, Inc.*, 2016 WL 11272150 at *2-3 (N.D.Ala. 2016).

The plaintiffs in *Phillips* did not seek class certification on their common law claims, so the court had no chance to rule on the question. *Phillips*, 2016 WL 11272150 at *2. Meanwhile, in *Overdraft Litigation*, the defendants only objected to the plaintiffs' standing to assert class claims based on statutes of states in which those plaintiffs did not reside. The defendants *did not* object to the common law claims on the same grounds. In fact, in *Overdraft Litigation*, the court later certified a nationwide class with common law claims represented by plaintiffs from only a few states, reasoning that "Plaintiffs' claims arise out of the same course of conduct and are based on the same legal theories as those of the absent class members." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 666 (S.D. Fla. 2011). So neither case, even if they were binding precedent, controls the outcome here.

Several other district courts have made a similar distinction between statutory and common law claims about class standing. *See, e.g.*, *Renzi v. Demilec (USA) LLC*, 2013 WL 6410708, at *3 (S.D. Fla. 2013) (holding that one plaintiff lacked standing to bring state statutory claims on behalf of a national class because "plaintiffs may only assert a state statutory claim if the named plaintiff resides in that state"); *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1371–72 (S.D. Fla. 2001) (named plaintiffs could not pursue antitrust claims under state statutes from states in which they did not reside because "[n]one of these statutes authorizes antitrust actions based on commerce in other states"). Still others do not distinguish

and delay ruling on standing until after certification, no matter if the claims stem from statutes or common law. *See, e.g.*, *In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d at 806. Distinction or not, Walmart has cited no cases that determine the outcome here.

"Plaintiffs are not attempting to piggyback on the claims of unnamed putative class members or gain access to state statutes whose protection they do not warrant, but rather, to seek redress for what they allege to be common injuries" suffered by Walmart. *Wilson*, 77 F. Supp. 3d. at 1231. Neither "precedent, logic, [nor] case management considerations" demand ruling on the standing issue before class certification. *Id.* So the court will not do so here.

## CONCLUSION

For the reasons stated above, the court will **GRANT in part** and **DENY in part** Walmart's motion to dismiss (doc. 12). Because the court finds that Plaintiffs have not sufficiently pled a breach of contract claim, the court will **DISMISS without prejudice** Plaintiffs' complaint. But the court rejects Defendant's argument that Plaintiffs cannot have standing to assert a breach of contract claim on behalf of a nationwide class. The court will enter a separate order carrying out this finding.

**DONE** on December 6, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE